# THOMAS KNOBLOCH
## v.
# MICHAEL ROMEIS.

*Practice—Pleading—Attorney and Client—Evidence—Instructions.*

1.  An action for money due under a contract by which plaintiff conveyed land to the defendant with the agreement that he was to receive all over a certain amount which defendant should receive when he should sell it, can be maintained under a declaration containing the common counts for money had and received.

2.  Where there is a question as to the amount of interest agreed upon, evidence of the rate usually paid at the time of the transaction is admissible.

3.  A conversation between counsel and his client in the absence of the other party is inadmissible.

4.  An instruction for defendant which entirely omits the theory on which plaintiff claims a right to recover should not be given.

[Opinion filed February 25, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WM. H. SNYDER, Judge, presiding.

Declaration containing the common counts, to which defendant pleaded the general issue with notice of set-off. The plaintiff, Michael Romeis, owned certain real estate which he conveyed to one Boul with the agreement that if the real estate could be sold within those years plaintiff was to have all it would bring over the amount he was then indebted to Boul. Plaintiff claims he induced the defendant, Thomas Knobloch, to take a conveyance from Boul for the consideration of $9,000, with the agreement that if the defendant sold the property for more than $9,000 an account was to be taken of money advanced, taxes, interest and repairs, with a credit of rents, and all received over the amount found due defendant was to be paid plaintiff. A conveyance was made by defendant to his nephew, Adolph Knobloch, of this, with other

lands, for an alleged consideration of $10,000. The value of other lands than this in that deed described was $600. Adolph conveyed this real estate thirteen months after the conveyance to him, to one Bischoff for $11,000, and plaintiff claims that sale was in reality made by defendant to Bischoff and the conveyance to Adolph was not in good faith.

On the trial the defendant, when testifying, read from a statement or memorandum in writing stating the account to be "Profit from sale of property, $2,000," and charged himself with rents and that profit to the amount of $5,620, and credited himself with interest and taxes to the amount of $5,760.92. The interest with which he so credited himself was calculated at eight per cent per annum. The defendant, when testifying, being asked by his counsel, "Will you please state what the profit was, Mr. Knobloch?" answered, "I only showed it in that way, that eight per cent interest and taxes and everything in that way, counting that up and seeing how much the profit was; at first there was $2,000 profit and then in counting taxes and everything else it leaves nothing."

That statement or memorandum was prepared in the office of counsel for defendant by Adolph Knobloch, with Thomas Knobloch. It was claimed that it was an error to state the profit on the sale by Thomas was $2,000, and counsel for defendant sought to show the statement was made at his suggestion to determine the state of the account on plaintiff's theory, and the foregoing question and answer was made by Thomas in response to the inquiry as to how the profit came to be put down at $2,000. Adolph Knobloch was called as a witness, and it was sought to be shown that the memorandum did not correctly state the account and counsel asked how it came to be made up in that form and asked, "What did I (counsel) say?" This question was objected to and the objection sustained, to which defendant excepted. The witness was then asked, "How did you come to put down their profit $2,000?" and answered, "I put that down as the amount derived from the sale of the property over the cost of it. I wanted to make statement according to their theory." Thomas Knobloch was indebted to Bischoff in the sum of $8,000, and

Bischoff testified that Thomas and Adolph were together when the trade was made, and he, Bischoff, turned over to Adolph the notes of Thomas for $8,000, indorsed without recourse, in part payment. The evidence shows that those notes were by Adolph surrendered to Thomas in consideration of the conveyance of land, but there is no evidence in the record showing the value of the land conveyed by Thomas to Adolph as the consideration of the surrender of those notes, nor is there any evidence in the record showing how Adolph paid for the Romeis real estate. The memorandum referred to by Thomas in his testimony was offered in evidence by plaintiff, he having called defendant as a witness, who stated the memorandum was correct.

The defendant denies that the plaintiff induced him to take and procure the conveyance from Boul, and states the promise to pay him all he received over $9,000, was after the conveyance and without consideration. The defendant claims he was to have been allowed eight per cent interest, and plaintiff testifies. nothing was said about interest. The set-off of defendant was a note made by plaintiff to defendant for $400, with interest from date, at the rate of eight per cent per annum, of date May 5, 1880, due in one year. Plaintiff called witnesses to prove that in 1879 and 1880, the time when the conveyance was made, interest on large sums loaned in St. Clair county was six to eight per cent. The evidence was objected to by defendant, the objection overruled and defendant excepted. The defendant moved the court to exclude all evidence as being inadmissible under the declaration, which motion was overruled and the defendant excepted. The court gave to the jury, on plaintiff's motion, the following instruction: "If the jury believe from the testimony in this case that there was no express contract between the parties to the suit in regard to the rate of interest the said Knobloch was to receive, then the jury are instructed to allow legal interest, which is six per cent, if all other material allegations in plaintiff's declaration have been proved." The giving of which is assigned as error. The defendant asked the court to give the following instruction:

" The court instructs the jury that if they believe from the evidence that the defendant, Knobloch, after he had purchased the property in question promised the plaintiff, Romeis, that he would divide with the latter any profits that he might make on a re-sale over and above the interest agreed on, and that there was no consideration for this promise, then no suit can be maintained on such promise;" which was refused and the defendant excepted. The verdict was for plaintiff and his damages assessed at $546.24. A motion for new trial was overruled and judgment entered. The defendant brings the record to this court by appeal and assigns as error : In refusing· evidence offered by appellant ; in refusing to exclude all ·evidence offered by appellee; in refusing instruction asked by appellant and giving appellee's instruction, and overruling motion for new trial.

Mr. W. C. KUEFFNER, for appellant.

Mr. E. L. THOMAS, for appellee.

PHILLIPS, J. The claim of plaintiff being for money had and received by defendant for plaintiff's use, the declaration containing the common counts was sufficient to authorize the admission of the evidence offered for plaintiff. There was no error in overruling the motion to exclude plaintiff's evidence. The evidence of the rate of interest at which money was loaned in large sums in St. Clair county about the time of the transaction between the parties was admissible.

The question of fact was as to whether plaintiff promised to pay eight per cent interest or whether nothing was said as to the rate of interest. If nothing was said as to the rate of interest the rate would be six per cent, and the presumption must be indulged that the defendant knew that to be the lawful rate of interest. Under all the facts proven in this case, if money at that time was loaned at six per cent interest where this transaction took place, it was proper to show that fact as a circumstance corroborative of plaintiff's testimony that nothing was said about interest, and that he was to allow

six per cent as fixed by law. The evidence sought to be introduced by appellant as to what his counsel had said to him and to the witness, Adolph Knobloch, at the time the memoranda and statement were made up, were not admissible; a conversation between counsel and client in the absence of the other party was not proper evidence, and the exclusion was as to what counsel said to client. The witnesses were permitted to state why they put "profit on sale $2,000" in the statement. The instruction asked by appellant and refused, entirely omitted the theory on which plaintiff claimed a recovery, that he induced the defendant to take the conveyance from Boul with the agreement to give him all over $9,000 for which it might be sold. It was not error to refuse to give that instruction.

The instruction for plaintiff, the giving of which is assigned as error, is substantially, "If all the material allegations in plaintiff's declaration are proven, and the jury believe from the evidence there was no express contract between the parties in regard to the rate of interest, then the jury are instructed to allow six per cent interest." We do not see that the instruction was misleading in the form in which it was given; it correctly stated the law applicable to the facts proven, and, while its phraseology might have been better stated, we can not hold it was error to give it under the facts in evidence. The evidence in this record is not very satisfactory. The conveyance by Boul to Knobloch on the 10th of September, 1879, is admitted. The date of the conveyance of this real estate to Adolph by Thomas is shown, but the date of the conveyance by Adolph to Bischoff is not shown. The date of the conveyance from Thomas to Adolph in consideration of the surrender of the notes, is not proven. The manner of payment by Adolph for this land, if ever a consideration was paid, is not shown, nor the value of the land conveyed in consideration of the surrender of the notes. Under all the facts proven, we are not prepared to say we would not, on the evidence, have found as the jury did in the trial court.

The memoranda prepared in the form of a statement, was

by the defendant declared to be correct, that statement being in evidence, and the answers of Thomas and Adolph as to why they put in the statement, "Profit on sale, $2,000," were before the jury.   The facts surrounding the case, with no evidence as to payment or manner of payment by Adolph to Thomas in consideration of this conveyance, the fact of both being present at the time of the sale to Bischoff, with Bischoff making the greater part of the payment by turning over to Adolph the notes of Thomas, which notes were afterward surrendered to Thomas for the conveyance of real estate, the value of which not being in any manner alluded to, were all circumstances to be considered by the jury, and may have been considered by the jury as satisfactorily showing that the real transaction was between Bischoff and the defendant in the sale and purchase of the real estate, and the sale to Adolph fraudulent.   If so, the profit was $2,000.   If the profit was $2,000 and the jury found the rate of interest was not agreed on, then the rate of six per cent instead of eight per cent would be the rate fixed by law, and the difference in the rate of interest with the amount the rents exceeded taxes and repairs would have shown in the defendant's hands a sum that would have authorized a larger verdict.   From the evidence in this record we can not say the jury was not warranted in finding as they did.

   We must affirm the judgment.   The judgment is affirmed.

*Judgment affirmed.*